## CONGER v. DRIESSEL.

No. 2886.

Court of Civil Appeals of Texas. El Paso. Feb. 15, 1934.

Rehearing Denied March 8, 1934.

T. D. Kimbrough, of Midland, for appellant.

Frank Stubbeman, of Midland, for appellee.

HIGGINS, Justice.

Appellee, Driessel, was the agent of the Continental Oil Company at Midland, Tex., selling the Conoco petroleum products of said company. Driessel succeeded J. H. Haralson as such agent, who, in turn, had succeeded Fred Turner. Appellant, Conger, succeeded Driessel as such agent. Driessel sold and delivered to Conger for the agreed sum of $850 certain chattels used in connection with the agency including a truck, for which $350 of the total purchase price was to be paid.

Driessel brought this suit against Conger to recover a balance of $500 upon the purchase price, admitting a credit of $350 upon the total price which credit represented $350 paid to Turner by Conger to obtain a bill of sale to the truck; title to the truck never having passed from Turner. Driessel also sued to recover $46.61 rent which he had been forced to pay and which he alleged had been assumed by Conger. Conger defended upon the ground that Driessel did not have good title to the chattels contending the same were encumbered by a verbal lien given by Haralson, the former owner, to secure a note of Haralson's in favor of Turner, which note had been indorsed by Turner to a Midland bank, of which lien Conger had been given notice. The only issue submitted was whether Driessel tendered Conger a clear title to all of the property involved in the suit except the truck. This was answered in the affirmative and judgment thereupon rendered in Driessel's favor for $500.

The propositions upon which the appeal is based may be briefly stated as follows:

1. The undisputed evidence shows the title to the property was not clear for the reason stated above.

2. The issue submitted was erroneous in that it submitted an issue of law rather than of fact.

3. Error in the refusal of requested issues inquiring whether it was agreed by the parties that the title to the property should be satisfactory to and approved by Conger's attorney, and, if such attorney advised Conger, the title was not good.

4. The refusal of various requested issues.

The evidence is confusing and uncertain. Upon a careful consideration of the same we are unable to agree with the view that it shows, as a matter of law, the chattels, other than the truck, were subject to a verbal lien originally given in favor of Turner and now held by the bank. The original defect in the title to the truck is unimportant in view of the fact that Conger, with the consent of Driessel, paid $350 of the agreed price to Turner, which was applied on the note, and obtained from Turner a bill of sale to the truck. As to the other chattels it seems most of them were acquired from one I. B. Brown by Haralson, the predecessor in title of Dries-

sel. As to those chattels acquired from Brown, the evidence fails to show, with sufficient certainty, any lien in favor of Turner or the bank.

As to the other property sold by Turner to Haralson, the testimony is insufficient to identify it with any degree of certainty, nor is it definitely shown to have been a part of the property sold to Conger by Driessel.

■ The objection urged against the court's charge was not made in the court below as required by article 2185, R. S., and was thereby waived.

■ The refusal to submit the issues relating to the title and its approval by Conger's attorney presents no error for the reason that no such issues were raised by the pleadings of either of the parties.

■ The various other requested issues were also properly refused because they were either immaterial or merely evidentiary.

Finding no reversible error the judgment is affirmed.